

**IN THE COURT OF CRIMINAL APPEALS
OF TEXAS**

### NO. WR-53,608-03

**EX PARTE WARREN DARRELL RIVERS, Applicant**

**ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS
IN CAUSE NO. 0475122-C IN THE 228TH JUDICIAL DISTRICT COURT
HARRIS COUNTY**

*Per curiam*.

**O R D E R**

In December 1988, a jury found Applicant guilty of the offense of capital murder.

*See* TEX. PENAL CODE § 19.03(a).  Based on the jury's answers to the statutory

punishment questions set out in Texas Code of Criminal Procedure Article 37.071, the

trial court sentenced Applicant to death.[1]  We affirmed the 1988 conviction and sentence.

*Rivers v. State*, No. AP-70,776 (Tex. Crim. App. Apr. 14, 1993) (not designated for

---

[1]  Unless otherwise indicated, all references in this order to Articles refer to the Texas
Code of Criminal Procedure.

publication). We also denied relief on Applicant's initial post-conviction application for a writ of habeas corpus and his first subsequent writ application. *Ex parte Rivers*, No. WR-53,608-01 (Tex. Crim. App. Nov. 27, 2002) (not designated for publication), and *Ex parte Rivers*, No. WR-53,608-02 (Tex. Crim. App. Sept. 12, 2007) (not designated for publication).

Following a grant of federal habeas corpus relief reversing Applicant's death sentence, the trial court held a new punishment trial in November 2014. *See Rivers v. Quarterman*, 661 F. Supp. 2d 675 (S.D. Tex. Sept. 30, 2009). Based on the jury's answers to the statutory punishment questions set out in Article 37.0711, the trial court again sentenced Applicant to death.

On September 2, 2016, the State filed in this Court its brief on Applicant's direct appeal of the punishment retrial. Pursuant to Article 11.071 §§ 4(a) and (b), Applicant's initial application for a writ of habeas corpus after retrial was due to be filed in the trial court on or before January 16, 2017, assuming a motion for extension was timely filed and granted. *See* Art. 11.071 §§ 4(a) and (b).

It has been four years since the application was due in the trial court. Accordingly, we order the trial court to resolve any remaining issues in the case within 60 days from the date of this order. The clerk shall then immediately transmit the complete writ record to this Court. Any extensions of time shall be requested by the trial judge, or on his or her behalf, and obtained from this Court.

IT IS SO ORDERED THIS THE 13TH DAY OF JANUARY, 2021.

Do Not Publish